# EXHIBIT A

email Bizzy...15@gmail.com

Civil Action No. 4818495306

Date Filed ______

Superior Court ☐

State Court ☒ 42553

Georgia, ______ County

Attorney's Address / Telephone Number

Adanna Gail oka

Plaintiff

VS.

Health Systems management
C/o Alexander Kemp II

Defendant

Name and Address of Party to be Served

Health Systems management
C/o Alexander kemp II
1804 King Road Tifton, GA 31793

Garnishee

**MARSHAL/SHERIFF'S ENTRY OF SERVICE**

PERSONAL ☐ I have this day served the defendant ______ personally with a copy of the within action and summons.

NOTORIOUS ☒ I have this day served the defendant Alexander Kemp by leaving a copy of the action and summons at his most notorious place of abode in this County.. Delivered same into hands of Cynthia [illegible] described as follows age, about 51 years; weight, about 125 pounds; height, about 5 feet and 3 inches, domiciled at the residence of defendant.

CORPORATION ☐ Served the defendant ______ a corporation by leaving a copy of the within action and summons with ______ in charge of the office and place of doing business of said Corporation in this County.

TACK & MAIL ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST ☐ Diligent search made and defendant ______ not to be found in the jurisdiction of this Court.

OTHER ☐ Other documents served with summons and action include:

This 24 day of 02, 26 [illegible signature]

DEPUTY/SHERIFF'S OFFICE OF

SHERIFF DOCKET ______ PAGE ______ ______ COUNTY ______

Bizeny, ir Filed Legends 42553

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 78189506
Date: Jan 12 2026 12:00AM
Donald Talley, Chief Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: ______________

Adanna Gail Oka
1185 Hightower Trail #501351
Atl, GA 31150
Plaintiff's Name, Address, City, State, Zip Code

vs.

Health Systems Management C/o C. Alexander Kemp II 1804 King Road
Tifton, GA 31793
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. ________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: A. Oka
Address: 1185 Hightower Trail #501351
City, State, Zip Code: Atl, GA 31150 Phone No.:________

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Shirley C. Franklin Blvd., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

---

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____.

________________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ________________________________________

________________________________________

This ________ day of ________________, 20_____. ________________________ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 78189506
Date: Jan 12 2026 12:00AM
Donald Talley, Chief Clerk
Civil Division

**STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

**ADANNA GAIL OKA,**
Plaintiff, Pro Se,

v.

**HEALTH SYSTEMS MANAGEMENT,**
Defendant.

## COMPLAINT

Plaintiff Adanna Gail Oka, Pro Se, files this Complaint and shows the Court as follows:

### PARTIES

Plaintiff resides at 1185 Hightower Tower Trail, #501351, Atlanta, GA 31150.
Phone: 667-210-0103 | Email: Bizzygirl15@gmail.com

Defendant Health Systems Management does business in Fulton County, Georgia.
Registered Agent: C. Alexander Kemp II, 1804 King Road, Tifton, GA 31793.

### FACTS

Plaintiff was employed as a Patient Care Technician beginning June 6, 2022.
On October 16, 2023, Plaintiff filed an OSHA workplace safety complaint.
Defendant retaliated by issuing defamatory write-ups, withholding medical information, ignoring employment applications, and terminating Plaintiff on January 11 and January 16, 2024.

### CAUSE OF ACTION

Wrongful Termination in Violation of Georgia Public Policy (OSHA Retaliation).

### DAMAGES

Plaintiff seeks lost wages, compensatory damages, punitive damages, interest, and costs.

### JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,
January 12, 2026
Adanna Gail Oka
Plaintiff, Pro Se

9:17

< 416 3 Messages

DO Darryl L - OSHA Tigner 10/16/23
To: Adanna Gail Oka >

# RE: Confirmation: OSHA Online Safety and Health Complaint / Complaint filed on 14-Sep-2023

Thank you very much.

Darryl Tigner II
Compliance Safety Officer
Occupational Safety and Health Administration
1995 North Park Place S.E., Suite 525
Atlanta, GA 30339
Direct Phone: (678) 903-7308
Office Phone: (678) 903-7308

CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report Phishing" button on your email toolbar.

54

11/7/23

hr.emory.edu

Human Resources

MENU

View Workplace Health and Safety policy

## CONTACT US

**Department:**
**Office of Occupational Health Services (OHS)**
**Locations:**
Emory University Hospital, Emory University Midtown Hospital, Emory Saint Joseph's Hospital, Emory Johns Creek Hospital

**Phone:**
[illegible]
**Hours:**
Monday to Friday:
7:30 am – 4:00 pm




November 7, 2023

8:25 AM **Outgoing Call**

21 minutes

Share Contact

Create New Contact

Favorites Recents Contacts Keypad Voicemail

2:30

< Inbox

From: performance_notificatio... > [redacted]
To: Adanna Gail Oka >
November 7, 2023, 2:30 PM

# Disciplinary notice is assigned.

---

This message and any attachments are intended only for the use of the addressee and may contain information that is privileged and confidential. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, notify the sender immediately by return email and delete the message and any attachments from your system.

ADP

Oral Warning is assigned to you by Natalie Whyte-Ancle. To access the Oral Warning, log in to ADP Workforce Now and navigate to Myself > Talent > Performance and click the review (Oral Warning) on the Dashboard. After you read the review, discuss it with the reviewer, if necessary.

Thank You,
Your ADP Service Team

This is an auto generated email and sent from an unmonitored mailbox. Please do not reply to this mail.

631121


adp workforce login - Search
ADP Workforce Now - Performan
https://workforcenow.adp.com/theme/index.html#/Myself/performance
Health Systems Management, Inc
Things to Do
Calendar
AO
Resources
Myself
Type of Offense
Violation of Company Policies
State the reason for disciplinary notice and document company policy violated if applicable.
Verification of patient orders were not done prior to starting treatment.
Employee acts or omissions. Examples are: abandonment of assigned patient care, failure to check foam detector, failure to check conductivity, and incidents which place the patient at risk due to improper procedure or negligence.
State the corrective actions required from the employee
Ensure that all patients orders are verified prior to initiating treatment.
Product Feedback
About
Accessibility
Copyright © 2023, ADP, Inc. ALL RIGHTS RESERVED

November22, 2023

Vann Jones

Director of Human Resources

Hello Mr. Jones,

My name is Adanna Gail Oka. I am employed at Emory Dialysis at Northside Clinic. I am writing concerning yet again a serious matter, I feel you are/should be aware of; Retaliation is illegal, and yet I continue to fight that battle. I am aware of several attempts on behalf of Natalie Whyte-Ancle, to end my employment, however she has not prevailed. With that said, there are obligations that a manager cannot and/or should not be allowed to ignore. Signing an application should not hinge on the obvious contempt she displays toward me on the treatment floor (Which is unconscionable.) Ignoring me is not going to make things go away. As her irrational acts escalate, I will continue to deal with them. I am asking for your help in this matter.

Thank you,

[signature] November 22, 2023.

Adanna Gail Oka

Bizzygirl15@gmail.com

667-210-0103

December 4, 2023.

Vann Jones

Director of Human Resources

Health Systems Management

1804 King Road

Tifton, GA 31793

Mr. Jones,

While it may seem trivial that I continue to contact you, I try and handle situations civilly. You have not contacted me concerning this matter. I know when I am being retaliated against! Retaliation is never the answer, yet it persists with my Manager Natalie Whyte-Ancle. As my deadline nears (two days), I have not received the application back that I placed in her mailbox for the second time. I do not care that she ignores me, that is her prerogative, but now I am fed up with her actions on a professional level. I just recently went through a situation like this one with the flu shot paper deadline after I placed it in her mailbox twice. She kept pressing me to produce a copy right then and there or I would be fired.

I will not be contacting you again to ask you to be a referee. Who knew a workplace injury would turn into a vendetta?

Adanna Gail Oka

Bizzygirl15@gmail.com

667-210-0103

State of Georgia
Department of Labor

# SEPARATION NOTICE

1. Employee's Name ADANNA GAIL OKA 2. SSN 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
   a. State any other name(s) under which employee worked. ______
3. Period of Last Employment: From 06/06/2022 To 01/11/2024
4. REASON FOR SEPARATION:
   a. LACK OF WORK ☐
   b. If for other than lack of work, state fully and clearly the circumstances of the separation:
   EMPLOYEE DID NOT GET CCHT CERTIFIED IN THE 18 MONTH TIME LINE. [redacted]
5. Employee received payment for: (Severance Pay, Separation Pay, Wages-In-Lieu of Notice, bonus, profit sharing, etc.) (DO NOT include vacation pay or earned wages)

   ______ (type of payment) in the amount of $ ______ for period from ______ to ______

   Date above payment(s) was/will be issued to employee ______

   IF EMPLOYEE RETIRED, furnish amount of retirement pay and what percentage of contributions were paid by the employer.
   ______ per month ______ % of contributions paid by employer
6. Did this employee earn at least $7,300.00 in your employ? YES ☐ NO ☐ If NO, how much? $ ______

Average Weekly Wage $ 996.00

HSMGA INC.
Employer's Name

PO BOX 7710
Mailing Address

TIFTON GA 31793
City State Zip Code

Employer's Telephone No. 229 (Area Code) 386-5505 (Number)

GA D. O. L. Account Number 023256-01

I CERTIFY that the above worker has been separated from work and the information furnished hereon is true and correct. This report has been handed to or mailed to the worker.

[signature]
Signature of Official, Employee of the Employer or authorized agent for the employer

DIRECTOR OF HR
Title of Person Signing

01/26/2024
Date Completed and Released to Employee

**NOTICE TO EMPLOYER**

At the time of separation, you are required by the Employment Security Law, OCGA Section 34-8-190(c), to provide the employee with this document, properly executed, giving the reasons for separation. If you subsequently receive a request for separation information, you may attach a copy of this form (DOL-800) as a part of your response.

**NOTICE TO EMPLOYEE**

OCGA SECTION 34-8-190(c) OF THE EMPLOYMENT SECURITY LAW REQUIRES THAT YOU TAKE THIS NOTICE TO THE GEORGIA DEPARTMENT OF LABOR FIELD SERVICE OFFICE IF YOU FILE A CLAIM FOR UNEMPLOYMENT INSURANCE BENEFITS.

 PRINT CLEAR DOL-800 (R-7/21)

3:06

< Inbox

From: **performance_notificatio...** >
To: Adanna Gail Oka >
January 16, 2024, 9:56 AM

## Disciplinary notice is assigned.

This message and any attachments are intended only for the use of the addressee and may contain information that is privileged and confidential. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, notify the sender immediately by return email and delete the message and any attachments from your system.

ADP Always Designing for People

Termination Notice is assigned to you by Natalie Whyte-Ancle. To access the Termination Notice, log in to ADP Workforce Now and navigate to Myself > Talent > Performance and click the review (Termination Notice) on the Dashboard. After you read the review, discuss it with the reviewer, if necessary.

Thank You,
Your ADP Service Team

# Georgia Department of Labor

Georgia Department of Labor

**CLAIMS EXAMINER'S DETERMINATION**

**Claimant ID:** 2587749

**Mail Date:** 02/06/2024

**Appeal Rights Expiration Date:** 02/21/2024

**This eligibility determination applies to claim Benefit Year Begin (BYB) Date:** 01/07/2024

**The effective date of this determination is** 01/07/2024.

**Claimant Name:** ADANNA G OKA
**Claimant Mailing Address:**
8601 ROBERTS DRIVE, 04-01
SANDY SPRING, GA, 30350

**This determination is based on employment with the following employer:**
**Employer Name:** HSMGA INC
**Employer Benefits Mailing Address:** P O BOX 7710

TIFTON, GA, 31793

**Claim Determination**

important!

You are not eligible as of 01/07/2024. The disqualification will continue until you return to work, earn insured wages equal to at least $3650 and are separated.

**Reasoning**

You were fired for not performing as expected by your employer. Your ability to perform is considered in determining whether you can be paid benefits. The facts show you had performed your job duties satisfactorily in the past. Your failure to perform was within your control and ability. Therefore, you cannot be paid unemployment benefits.

**Legal Basis for Determination**

Section 34-8-194 (2)(A) of the Employment Security Law says that you cannot be paid unemployment benefits if you were fired from your most recent employer for not following your employer's rules or orders. In addition, you may not be paid unemployment benefits if you were fired for failing to perform the duties for which you were hired, if that failure was within your control. You also cannot be paid benefits if you were suspended for any of these same reasons. The law says that your employer has to show that discharge or suspension was for a reason that would not allow you to be paid unemployment benefits. If you cannot be paid unemployment benefits under this section of the law, you may qualify at a later time. To do this, you must find other work and earn wages covered under unemployment law. The covered wages must be at least ten times the weekly amount of your claim. If you then become unemployed through no fault of your own, you may reapply for unemployment benefits.

**Appeal Rights**

This determination becomes final unless you file a request for an appeal on or before 02/21/2024. If you wish to file an appeal, you must submit a written request either online , by email to appeals@gdol.ga.gov or fax to 404-232-3901 or 404-232-3902. You must continue to request a benefit payment weekly, or you will not be paid if you win your appeal. You will be required to repay the benefits received during the disqualification period, if a determination allowing benefits is reversed by an appeal decision. You may find more details here or by contacting Customer Service or your local career center.

▼ More Information

**EXPLANATION TO CLAIMANT**

631121

Gmail

Fystee Foreyes <bizzygirl15@gmail.com>

## GDOL Appeals Tribunal Confirmation

2 messages

**GDOLAPPEALS@gdol.ga.gov** <GDOLAPPEALS@gdol.ga.gov> Sun, Feb 18, 2024 at 12:20 PM
To: bizzygirl15@gmail.com

Date:Sun, Feb 18, 2024 at 12:20 PM EST

Your appeal has been filed and processed by the Appeals Tribunal. Your confirmation number is: 631121. Include your confirmation number on any supporting documentation. Any additional information regarding your appeal or hearing dates will be mailed to the address on file.

Please continue to claim benefits and submit your work search records each week while your appeal is pending.

Please do not reply to this email. If you have questions, contact the Appeals Tribunal by telephone: 404.232.3900, email: Appeals@gdol.ga.gov or mail: Georgia Department of Labor, Appeals Tribunal, 148 Andrew Young International Blvd., N.E., Suite 525, Atlanta, Georgia 30303-1734.

*** GEORGIA DEPARTMENT OF LABOR ***
****** CONFIDENTIALITY NOTICE ******

This transmission may contain confidential information protected by state or federal law.
The information is intended only for use consistent with the state business discussed in this transmission.
If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action based on the contents is strictly prohibited.
If you have received this transmission in error, please delete this email and notify the sender immediately.
Your cooperation is appreciated.

---

**bizzygirl15@gmail.com** <bizzygirl15@gmail.com> Sun, Feb 18, 2024 at 5:01 PM
To: Adanna Gail Oka <bizzygirl15@gmail.com>

Sent from my iPhone

Begin forwarded message:

> **From:** GDOLAPPEALS@gdol.ga.gov
> **Date:** February 18, 2024 at 12:20:41 PM EST
> **To:** bizzygirl15@gmail.com
> **Subject: GDOL Appeals Tribunal Confirmation**
>
> Date:Sun, Feb 18, 2024 at 12:20 PM EST
>
> Your appeal has been filed and processed by the Appeals Tribunal. Your confirmation number is: 631121. Include your confirmation number on any supporting documentation. Any additional information regarding your appeal or hearing dates will be mailed to the address on file.
>
> Please continue to claim benefits and submit your work search records each week while your appeal is pending.
>
> Please do not reply to this email. If you have questions, contact the Appeals Tribunal by telephone: 404.232.3900, email: Appeals@gdol.ga.gov or mail: Georgia Department of Labor, Appeals Tribunal, 148 Andrew Young International Blvd., N.E., Suite 525, Atlanta, Georgia 30303-1734.
>
> *** GEORGIA DEPARTMENT OF LABOR ***

Date: September 19, 2024 at 9:56:52 AM EDT
To: bizzygkl15@gmail.com
Subject: OSHA complaint results

Dear complainant,

Attached are the results of your complaint.

If you have any questions, feel free to reach out.

Thank you,

Duty Saffety Officer

U.S. Department of Labor
Occupational Safety and Health Administration
Atlanta West Area Office
1995 North Park Place SE  Suite 525
Atlanta, GA 30339

T 678-903-7318

CONFIDENTIALITY NOTE
This communication and any files transmitted with it may contain information that is confidential, privileged and exempt from disclosure under applicable law. It is intended solely for the use of the individual or entity to which it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender.
Thank you for your co-operation.
þ Please consider the environment before printing this e-mail. Evaluate if it is really necessary

--------------------------------------------------------------

NOTA DE CONFIDENCIALIDAD
Esta comunicación y cualquier archivo transmitido con ella pueden contener información que es confidencial, privilegiada y/o privada bajo la ley aplicable. Se utilizará solamente para el uso del individuo o entidad a que se dirige. Si usted no es el destinatario intencionado, se le notifica que cualquier uso, diseminación o copia de esta comunicación se prohíbe estrictamente. Si usted ha recibido esta comunicación por error, por favor notifíquelo al remitente.
Gracias por su cooperación.
þ Por favor, considere el ambiente antes de imprimir este correo electrónico. Piense si es realmente necesario.

One attachment • Scanned by Gmail ⓘ

**U.S. Department of Labor** **Occupational Safety and Health Administration**
Atlanta West Area Office
1995 North Park Place SE Suite 525
Atlanta, GA 30339

March 28, 2024

Adanna Gail
8601 Roberts Dr
Sandy Springs, GA 30350

RE: OSHA Complaint No. 2092726

Dear Adanna Gail:

In response to your complaint concerning safety/health hazards at the Emory Dialysis, LLC worksite located at 610 Northside Dr, Atlanta, GA 30318, the Occupational Safety and Health Administration (OSHA) conducted an inspection there. That inspection began on 10/23/2023. The results of our investigation of your complaint items are as follows:

**Complaint item(s):**

1. Approximately 18 employees are exposed to bloodborne pathogen hazards, in that the employer does not require the use of safety needles.

Interviews with the employer/employees and direct observations revealed that safety needles that can be used with a one-handed technique and are injected into patients, are used in the workplace. A violation of an OSHA standard could not be substantiated.

2. Approximately 18 employees are exposed to bloodborne pathogen hazards, in that employer does not require contaminated needles to be immediately discarded in sharps containers.

Interviews with the employer/employees and direct observations revealed that the employer requires employees to immediately discard used sharps in the appropriate biohazard containers available in every bay throughout the facility. The employer also disciplines employees that fail to discard sharps immediately. A violation of an OSHA standard could not be substantiated.

3. Approximately 18 employees are exposed to bloodborne pathogen hazards, in that employer failed to conduct adequate post-exposure evaluation and follow-up.

Interviews with the employer/employees and direct observations revealed that the post exposure lab results of the source individual blood test were not provided to exposed employees. See citation.

4. Approximately 18 employees are exposed to bloodborne pathogen hazards, in that employer failed to document injury on Sharps Injury Log.

Interviews with the employer/employees and direct observations revealed that the employer keeps a variance report for sharps injuries describing the event, route of exposure, and injured employees. A violation of an OSHA standard could not be substantiated.

5. Approximately 18 employees are exposed to bloodborne pathogen hazards, in that employer failed to document injury on OSHA 300 Log.

Interviews with the employer/employees and direct observations revealed that the employer was not completing and certifying OSHA 300 Injury and Illness reports. See Hazard Alert Letter.

Enclosed for your information is a copy of the Citation and Notification of Penalty which was sent to the employer, and should have been posted at the workplace for at least three days after receipt.

Section 17(g) of the OSH Act states that it is unlawful to make any false statement, representation or certification in any document filed pursuant to the Occupational Safety and Health Act of 1970. Violations can be punished by a fine of not more than $10,000, or by imprisonment of not more than six months, or by both.

Section 11(c) of the OSH Act provides protection for employees against discrimination because of their involvement in protected safety and health related activity. If you believe you are being treated differently or action is being taken against you because of your safety or health activity, you may file a complaint with OSHA. You should file this complaint as soon as possible, since OSHA can accept only those complaints filed within 30 days of the alleged discriminatory action.

Thank you for your interest in a safe and healthful workplace.

Respectfully,

Shane Patterson

Jeffery M. Stawowy
Area Director

Attachments

**U.S. Department of Labor** Occupational Safety and Health Administration
1995 North Park Place SE
Suite 525
Atlanta, GA 30339

04/17/2024

Emory Dialysis, LLC
and its successors
201 DOWMAN DR., 101 ADMINISTRATION BLDG.,
Atlanta, GA 30322

Dear Employer:

Enclosed you will find citations for violations of the Occupational Safety and Health Act of 1970 (the Act) which may have accompanying proposed penalties. Also enclosed is a booklet entitled, "Employer Rights and Responsibilities Following an OSHA Inspection", (OSHA 3000), which explains your rights and responsibilities under the Act. If you have any questions about the enclosed citations and penalties, I would welcome further discussions in person or by telephone. Please contact me at (678) 903-7301.

You will note on page 6 of the booklet that, for violations which you do not contest, you must (1) notify this office promptly by letter that you have taken appropriate corrective action within the time set forth on the citation; and (2) pay any penalties assessed. Please inform me of the abatement steps you have taken and of their dates together with adequate supporting documentation; e.g., drawings or photographs of corrected conditions, purchase/work orders related to abatement actions, air sampling results. This information will allow us to close the case.

As indicated on page 3 of the booklet, you may request an informal conference with me during the 15-working-day notice of contest period. During such an informal conference you may present any evidence or views which you believe would support an adjustment to the citation or the penalty.

If you are considering a request for an informal conference to discuss any issues related to this Citation and Notification of Penalty, you must take care to schedule it early enough to allow time to contest after the informal conference, should you decide to do so. Please keep in mind that a written letter of intent to contest must be submitted to the Area Director within 15 working days of your receipt of the citation. The running of this contest period is not interrupted by an informal conference.

If you decide to request an informal conference, please complete the attached notice at the bottom of this letter and post it next to the Citations as soon as the time, date and the place of the informal conference have been determined. Be sure to bring to the conference with you any and all supporting documentation of existing conditions as well as of any abatement steps taken thus far. If conditions warrant, we can enter into an informal settlement agreement which amicably resolves this matter without litigation or contest.

You should be aware that OSHA publishes information on its inspection and citation activity on the Internet under the provisions of Electronic Freedom of Information Act. The information related to these alleged violations will be posted when our system indicates that you have received this citation. You are encouraged to review the information concerning your establishment at www.osha.gov. If you have any dispute with the accuracy of the information displayed, please contact this office.

Sincerely,

SHANE PATTERSON Digitally signed by SHANE PATTERSON Date: 2024.04.17 21:11:20 -04'00'

**Jeffery M. Stawowy**
Area Director

Enclosures

GEORGIA DEPARTMENT OF LABOR - APPEALS TRIBUNAL
148 Andrew Young Intl Blvd NE,Ste 525, Atlanta,GA 30303-1734
404-232-3900 Fax 404-232-3901
appeals@gdol.ga.gov

DECISION OF ADMINISTRATIVE HEARING OFFICER - DOCKET# 4917-24

| | | | |
|---|---|---|---|
| Appealing Party | Claimant | Decision Mailed | 10/18/2024 |
| Appeal Filed | 02/18/2024 | Appeal Rights Expire | 11/02/2024 |
| Hearing Date | 10/17/2024 | | |

Claimant
ADANNA GAIL OKA

Employer
HSMGA INC

ADANNA GAIL OKA
1185 HIGHTOWER TRAIL
# 501351
ATLANTA, GA 31150

APPEARANCES: The hearing was held by telephone conference with the claimant representing herself. The employer did not appear.

O.C.G.A. PROVISIONS AND ISSUES INVOLVED: OCGA Section 34-8-194(2) - Whether the discharge or suspension of the claimant was for failure to follow orders, rules or instructions or failure to perform the duties for which employed.

OCGA Section 34-8-157(b) - Whether the employer supplied written separation information to the Department of Labor in a timely manner.

FINDINGS OF FACT: The claimant was employed with the named employer from June 6, 2022, through January 11, 2024, as a full time Patient Care Technician. The claimant was discharge for failure to get a proper certificate.

The claimant had taken and passed all of the required exams and all she needed was a signature from her employer. The claimant tried to get the signature from her employer and her employer failed to sign the proper paperwork. Due to this, the claimant was unable to obtain her proper certification to perform her job duties. The claimant had reported to work one day and seen that she was not placed on the work schedule.

The claimant left the job and went home. January 11, 2024, the claimant received a telephone call from the Charge Nurse, and at that time, she had been informed that she had been discharged from employment.

According to Departmental records, the employer furnished timely separation information to the Department of Labor.

See reverse side

REASONS FOR DECISION: O.C.G.A. Section 34-8-194(2)(A) provides for a disqualification if it is shown that an employee has been discharged or suspended from his most recent employer for failure to obey rules, orders, or instructions, or for failure to perform the duties for which employed. This Section of the Law places the burden of proof on the employer to show by a preponderance of the evidence that the employee was at fault by a deliberate, willing, and knowing action on his part.

The employer, in cases of involuntary separation, must carry the burden of proof. The employer did not participate in the appeal hearing. The employer has not presented testimony or evidence to prove the claimant was at fault in the separation from employment. Therefore, a disqualification is not required.

O.C.G.A. Section 34-8-157(b) provides that benefits paid shall be charged to the account of the most recent employer. The amount charged shall be the amount of benefits paid for the period of unemployment or the amount of wages paid by the employer from the beginning date of the base period of the claim whichever is less.

DECISION: The determination released by the Department February 6, 2024, disqualifying the claimant effective January 7, 2024, is reversed. The claimant shall be entitled to unemployment insurance benefits effective January 7, 2024, under the provisions of O.C.G.A. Section 34-8-194(2)(A). The claimant will be entitled to benefits for all weeks that claimant has met all the reporting and eligibility requirements as provided for under the provisions of O.C.G.A. Section 34-8-195(a)(3).

The employer's tax account shall be charged for benefits paid for the period of unemployment or the amount of wages paid during the period beginning with the base period of the claim, whichever is less, in accordance with O.C.G.A. Section 34-8-157(b).

This decision will become final fifteen (15) days after the release date of the Administrative Hearing Officer's decision. If you failed to appear for this appeal hearing and wish to present testimony requesting to reopen the hearing, your SHOW CAUSE APPEAL must be submitted in writing to: 148 Andrew Young International Blvd NE, Suite 525, U.I. Appeals Tribunal, Atlanta, GA 30303-1734 or by fax: 404-232-3901 or by email: appeals@gdol.ga.gov.

AMANDA REESE
HEARING OFFICER

This is to certify that this decision was mailed on the above date by the clerk of the Appeals Tribunal.

**Appeal Rights:**
This decision will become final unless you file an appeal by the deadline. Appeal rights expire 15 days after the decision is mailed. If you wish to file an appeal, submit a request online at dol.georgia.gov, in writing by email to boardofreview@gdol.ga.gov, or fax to 404.232.3339. Appeals filed by email or fax are considered filed on the date received.

COPIES OF THIS DECISION WERE MAILED TO

ADANNA GAIL OKA
1185 HIGHTOWER TRAIL
# 501351
ATLANTA, GA 31150

HSMGA INC
P O BOX 7710
TIFTON GA 31793

# Georgia Department of Labor

GEORGIA DEPARTMENT OF LABOR – APPEALS TRIBUNAL
148 Andrew Young Intl Blvd NE, Ste 525, Atlanta GA 30303-1734
1.877.709.8185
appeals@gdol.ga.gov

## Decision of Administrative Hearing Officer

| | |
|---|---|
| **Appealing Party:** CLAIMANT | **Decision Mailed:** 10/18/2024 |
| **Appeal Filed:** 02/18/2024 | **Docket #:** 4917-24 |
| **Hearing Date:** 10/17/2024 | **Appeal Rights Expire:** 11/02/2024 |

COPIES OF THIS DECISION WERE MAILED TO:

| | |
|---|---|
| ADANNA GAIL OKA<br>1185 HIGHTOWER TRAIL<br># 501351<br>ATLANTA, GA 31150 | HSMGA INC<br>P O BOX 7710<br>TIFTON GA 31793 |

**APPEARANCES:**
The hearing was held by telephone conference with the claimant representing herself. The employer did not appear.

**O.C.G.A, PROVISIONS AND ISSUES INVOLVED:**
OCGA Section 34-8-194(2) - Whether the discharge or suspension of the claimant was for failure to follow orders, rules or instructions or failure to perform the duties for which employed.

OCGA Section 34-8-157(b) - Whether the employer supplied written separation information to the Department of Labor in a timely manner.

**FINDINGS OF FACT:**
The claimant was employed with the named employer from June 6, 2022, through January 11, 2024, as a full time Patient Care Technician. The claimant was discharge for failure to get a proper certificate.

The claimant had taken and passed all of the required exams and all she needed was a signature from her employer. The claimant tried to get the signature from her employer and her employer failed to sign the proper paperwork. Due to this, the claimant was unable to obtain her proper certification to perform her job duties. The claimant had reported to work one day and seen that she was not placed on the work schedule.

The claimant left the job and went home. January 11, 2024, the claimant received a telephone call from the Charge Nurse, and at that time, she had been informed that she had been discharged from employment.

According to Departmental records, the employer furnished timely separation information to the Department of Labor.

**REASONS FOR DECISION:**
O.C.G.A. Section 34-8-194(2)(A) provides for a disqualification if it is shown that an employee has been discharged or suspended from his most recent employer for failure to obey rules, orders, or instructions, or for failure to perform the duties for which employed. This Section of the Law places the burden of proof on the employer to show by a preponderance of the evidence that the employee was at fault by a deliberate, willing, and knowing action on his part.

The employer, in cases of involuntary separation, must carry the burden of proof. The employer did not participate in the appeal hearing. The employer has not presented testimony or evidence to prove the claimant was at fault in the separation from employment. Therefore, a disqualification is not required.

O.C.G.A. Section 34-8-157(b) provides that benefits paid shall be charged to the account of the most recent employer. The amount charged shall be the amount of benefits paid for the period of unemployment or the amount of wages paid by the employer from the beginning date of the base period of the claim whichever is less.

**DECISION:**
The determination released by the Department February 6, 2024, disqualifying the claimant effective January 7, 2024, is reversed. The claimant shall be entitled to unemployment insurance benefits effective January 7, 2024, under the provisions of O.C.G.A. Section 34-8-194(2)(A). The claimant will be entitled to benefits for all weeks that claimant has met all the reporting and eligibility requirements as provided for under the provisions of O.C.G.A. Section 34-8-195(a)(3).

The employer's tax account shall be charged for benefits paid for the period of unemployment or the amount of wages paid during the period beginning with the base period of the claim, whichever is less, in accordance with O.C.G.A. Section 34-8-157(b).

**This decision will become final fifteen (15) days after the release date of the Administrative Hearing Officer's decision. If you failed to appear for this appeal hearing and wish to present testimony requesting to reopen the hearing, your SHOW CAUSE APPEAL must be submitted in writing to:**
148 Andrew Young International Blvd NE, Suite 525, U.I. Appeals Tribunal, Atlanta, GA 30303-1734 or by fax: 404-232-3901 or by email: appeals@gdol.ga.gov.

AMANDA X. REESE
HEARING OFFICER

This is to certify that this decision was mailed on the above date by the clerk of the Appeals Tribunal.

**Appeal Rights**

This decision will become final unless you file an appeal by the deadline. Appeal rights expire 15 calendar days after the decision is mailed. If you wish to file an appeal, select File Appeal below. You may find more details here or by contacting Customer Service or your local career center.